IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

AUG 3 0 2016

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

KATHLEEN THOMASON,                    )
                                      )
            Plaintiff,                )
                                      )
v.                                    )       Civil Action No.: 6:16CV00049
                                      )
CENTRA HEALTH, INC. EMPLOYEE          )
HEALTH BENEFIT PLAN,                  )
            Serve:                    )
            Sr. Vice President        )
            Executive Administration  )
            Centra Health, Inc.       )
            1900 Tate Springs Road    )
            Lynchburg, VA 24501       )
                                      )
            Defendant.                )

**COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT
INCOME SECURITY ACT OF 1974; ENFORCEMENT AND
CLARIFICATION OF RIGHTS; BREACH OF FIDUCIARY DUTY;
PREJUDMENT AND POSTJUDGMENT INTEREST; ATTORNEY FEES
AND COSTS**

COMES NOW the Plaintiff, Kathleen Thomason, by counsel, and sets forth her allegations against

the Defendant as follows:

### INTRODUCTION

1.      Plaintiff Kathleen Thomason brings this action pursuant to the Employee Retirement Income

Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA").

## PARTIES

2.  Plaintiff resides in Concord, Virginia and works for Centra Health, Inc., a healthcare system based in Lynchburg, Virginia. Centra Health, Inc. owns and operates facilities throughout Virginia.

3.  Defendant Centra Health, Inc. Employee Benefit Plan ("the Plan") is an ERISA-regulated employee welfare benefit as defined in 29 U.S.C. § 1002(1) and is subject to suit under 29 U.S.C. § 1132(d)(1).

4.  Through the Plan, Plaintiff obtained coverage for herself and her minor daughter. The coverage was in effect at all times material to this action.

5.  Plaintiff is a participant in the Plan within the meaning of 29 U.S.C. § 1002(7) and is authorized to bring this action to enforce her rights and recover benefits due under the Plan pursuant to 29 U.S.C. § 1132(a)(1)(B).

## JURISDICTION

6.  This Court has jurisdiction pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.

7.  Venue is proper in this District under 29 U.S.C. § 1132(e)(2).

## FACTS

8.  This action arises from the Plan's denial of coverage for eating disorder treatment given to Plaintiff's 15 year-old daughter from June through August 2015.

9.  Plaintiff discovered in February 2015 that her daughter had anorexia nervosa. She noticed that her daughter had lost weight and caught her purging after a meal. She immediately took her daughter to the doctor and discovered that her daughter had lost 15 lbs. Her daughter started therapy and seemed to improve, but by the middle of May, things started to spiral out

of control. After a weekend leadership conference, her daughter was vomiting and weak. Plaintiff took her to the emergency room, and her heart rate was 38. Her weight had dropped even further; she weighed 104. The date was June 1, 2015.

10. Plaintiff switched her daughter's counselor, added a registered dietician, and made an appointment with a psychiatrist. The psychiatrist was not available until June 29. Things seem to plateau but Plaintiff was concerned so she took her daughter back to the doctor. Her heart rate and blood pressure were so low that the doctor advised that she needed immediate residential treatment. Her weight was 102.

11. Dr. Tim Clinton, Ed.D. LPC, LMFT, President of the American Association of Christian Counselors, counseled Plaintiff and her daughter and recommended Timberline Knolls in Chicago. After her daughter received IV fluids, she was medically cleared to be admitted to Timberline Knolls.

12. On July 29, 2015, Plaintiff's daughter entered residential treatment at Timberline Knolls. Upon her admission, Plaintiff's daughter's heart rate was 46 and her blood pressure was 90/57. She was taken to the emergency room for fluids, and an echocardiogram. After her treatment, she returned to Timberline Knolls.

13. On July 10, 2015, the Plan, through its administrator Piedmont Community Healthcare, wrote to Plaintiff that her request for residential treatment for her daughter was denied. "Your coverage with Centra Health has an exclusion with regards to residential care facilities."

14. Plaintiff appealed the denial by letter dated July 14, 2015. On August 31, 2015, Piedmont wrote to Plaintiff that the denial was upheld. "Residential treatment is not covered under your health plan."

15. Plaintiff's daughter continued in treatment at Timberline Knolls through August 7, 2015, when the family ran out of money. The cost of the treatment was $34,000. Plaintiff paid for the treatment with money from her HSA ($12,000) and by taking out an equity line ($22,000).

## FIRST CAUSE OF ACTION

## FOR DENIAL OF BENEFITS

16. Plaintiff incorporates by reference paragraphs 1 through 15 as though fully set forth herein.

17. Plaintiff has exhausted her administrative remedies and fulfilled all other prerequisites to filing an action to recover benefits under 29 U.S.C. § 1132(a)(1)(B).

18. Piedmont's determination is subject to de novo review because the Plan did not contain a valid delegation of discretionary authority to Piedmont.

19. The Plan, by its own terms and by law, is subject to the Federal Mental Health Parity and Addiction Equity Act, 29 U.S.C. § 1185a ("Parity Act").

20. The exclusion for residential treatment violates the Parity Act. Under the Parity Act, a group health plan that provides both medical and mental health benefits must ensure that:

> the treatment limitations applicable to such mental health . . benefits are no more restrictive than the predominant treatment limitations applied to substantially all medical and surgical benefits covered by the plan (or coverage) and there are no separate treatment limitations that are applicable only with respect to mental health or substance use disorder benefits.

29 U.S.C.A. § 1185a (a)(3)(A)(ii).

21.   During the administrative process, Piedmont investigated whether residential treatment at Timberline Knolls was medically necessary, and the Plan is now barred from disputing that such treatment was medically necessary.

22.   The services provided to Plaintiff's daughter at Timberline Knolls were medically necessary for her condition and constituted covered services for which payment was due.

23.   Defendant wrongfully denied Plaintiff's claim for benefits, in the following respects, among others:

      a.   Failure to pay medical benefits by applying an unlawful exclusion;

      b.   Failure to pay medical benefits at a time when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the law;

      c.   Failure to provide reasonable explanations of the bases relied upon under the terms of the Plan documents, in relation to applicable facts, law, and Plan provisions, for the denial of the claims for medical benefits; and

      d.   Failure to properly and adequately investigate the merits of the claims.

24.   Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied the claims for benefits by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this litigation and of which Plaintiff will make Defendant aware once said acts or omissions are discovered by Plaintiff.

25.   As a proximate result of the denial of medical benefits, Plaintiff has been damaged in that she has been forced to pay for the residential treatment at Timberline Knolls, in the amount of $34,000.

26.   As a further direct and proximate result of the improper denial of medical benefits, Plaintiff, in pursuing this action, has been required to incur attorney's fees and costs. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

27. Due to the wrongful conduct of Defendant, Plaintiff is entitled to prejudgment interest on the principal amount of the unpaid benefits at such rate as may be appropriate given the equities of the case, but in no event less than the rate established by 28 U.S.C. § 1961.

## SECOND CAUSE OF ACTION

## FOR BREACH OF FIDUCIARY DUTY UNDER AN ERISA PLAN

## [29 U.S.C. § 1132(a) (3)]

28. Plaintiff incorporates by reference paragraphs 1 through 27 as though fully set forth herein.

29. Defendant acts as an ERISA fiduciary with respect to the administration and claims decisions of the Plan within the meaning of 29 U.S.C. §§ 1109(a) and 1002(21)(A).

30. Defendant has allowed its claims administrator, Piedmont, to categorically and improperly deny Plaintiff's request for residential treatment, as alleged above, in violation of the Parity Act.

31. In acting and failing to act as described above, Defendant has breached its fiduciary duties.

32. Pursuant to 29 U.S.C. § 1132(a)(3), Plaintiff seeks equitable and remedial relief as follows:

    a. A declaratory judgment that Defendant's exclusion of residential treatment violates the Parity Act;

    b. An order requiring Defendant to comply with the Parity Act;

    c. Such other and further relief as the Court deems necessary and proper to protect the interests of Plaintiff as participants under the Plan.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant:

1. For behavioral health benefits wrongfully denied, in the principal amount proven at trial;

2. For prejudgment interest on the benefits withheld;

3.    For costs and reasonable attorneys' fees incurred;

4.    For post judgment interest on the foregoing amounts;

5.    For a declaratory judgment that Defendant's exclusion of residential treatment violates the

      Parity Act;

6.    For an order requiring Defendant to comply with the Parity Act; and

7.    For such other relief as the Court deems just and proper.


Dated: August 29, 2016                              RESPECTFULLY SUBMITTED,
                                                    LAWRENCE & ASSOCIATES
                                                    BARBARA QUEEN


                                            By:  _____
                                                    Barbara Queen


Barbara Queen (VSB# 47314)
LAWRENCE & ASSOCIATES
701 East Franklin Street, Suite 800
P.O. Box 495
Richmond, VA 23219
(804) 643-9343 (Tel)
(804) 643-9368 (Fax)


Lisa S. Kantor (California SB# 110678)
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
(818) 886 2525 (Tel)
(818) 350 6272 (Fax)
*(Pro Hac Vice Pending)*

Attorneys for Plaintiff Kathleen Thomason